IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TONY AND YVONNE MARTINEZ, ) | | |
| ) | | |
| Plaintiffs, ) | 2:09-cv-2787 | |
| ) | | |
| v. ) | ORDER DENYING PLAINTIFFS' | |
| ) | EX PARTE APPLICATION FOR | |
| WORLD SAVINGS, INC.; WORLD SAVINGS ) | A TEMPORARY RESTRAINING | |
| BANK FSB, WACHOVIA MORTGAGE FSB, ) | ORDER | |
| and DOES 1 through 10, inclusive, ) | | |
| ) | | |
| Defendants. ) | | |

Plaintiffs filed an *ex parte* application on October 26, 2009 for a "temporary restraining order [("TRO")] and order to show cause re[garding] a preliminary injunction barring any and all of the defendants herein from conducting a trustees' sale on Plaintiff[s'] home." (Pls' TRO 1:22-25.) The trustee's sale is scheduled for November 5, 2009 at 11:00 a.m. Plaintiffs base their TRO application on a memorandum, declarations, exhibits, and their complaint, which Plaintiffs' counsel incorrectly stated is verified. The complaint was filed on October 7, 2009. A hearing is scheduled for the TRO application on November 3, 2009 and a briefing schedule was ordered by the Court on October 27, 2009.

1

1     However, further consideration of Plaintiffs' TRO
2 application and Plaintiffs' reply reveals the hearing scheduled for
3 November 3, 2009 should be vacated since the documents Plaintiffs'
4 filed in support of their request that TRO issue under the Truth in
5 Lending Act ("TILA") are not complete.  Although Plaintiffs declare
6 the correct interest rate was not disclosed in the Adjustable Rate
7 Mortgage Note ("ARMN") referenced in Plaintiffs' complaint, the bottom
8 half of the second page of the ARMN Plaintiffs' filed is not
9 completely photocopied, making that portion of the document illegible

10     Moreover, Plaintiffs contend TILA was violated when they
11 were provided incorrect payment rate information for the ARMN because
12 the payment rate was actually based on a 2.75% interest rate, rather
13 than on the 7.2% interest rate in the ARMN.  Plaintiffs, however, do
14 not provide documents in support of this contention.  The TRO will not
15 be issued based solely on Plaintiffs' unsupported averments in their
16 declarations.

17     Lastly, local Rule 65-231(a) prescribes:

> [N]o temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel, by telephone or other means, or a sufficient showing of efforts made to provide notice . . . .  Appropriate notice would inform the affected party and/or counsel of the intention to seek a temporary restraining order, the date and time of the hearing to be requested of the Court, and the nature of the relief requested.  Once a specific time and location has been set by the Court, the moving party shall promptly give additional notice of the time and location of the hearing.

E. D. Cal. R. 65-231(a).  Further, Federal Rule of Civil Procedure 65(b)(1)(B) provides a temporary restraining order will be issued without notice only if "the movant's attorney certifies in writing any

1  efforts made to give notice and the reasons why it should not be
2  required."
3     Plaintiffs' counsel, Catherine King ("King"), declares she
4  "forward[ed] notice of the TRO [to a fax number provided by Ndex,
5  Defendant Wachovia's servicer]" [and that] General Counsel Erica
6  Jones, Esq. indicated they would notify [Defendant] Wachovia." (King's
7  Decl. ¶ 3.)  King also declares she "faxed a copy of the TRO to both
8  Wachovia and Ndex at the respective fax numbers which had been
9  provided."  (King's Decl. ¶ 3.)  King attaches a proof of service
10 dated October 26, 2009 and declares in the proof of service that she
11 mailed Wachovia and its servicer Ndex the TRO application via regular
12 mail from Redding, California to "Wachovia" at an office in San
13 Antonio, Texas and to "Ndex" at an office in Addison, Texas.  King
14 also declares in the proof of service that the TRO application "was
15 transmitted" from "(866)808-2223" "without error;" however, King does
16 not provide the fax numbers **to which** the TRO application was sent.
17     Although King declares that she faxed the TRO application to
18 a number provided by Ndex and that Ndex counsel agreed to inform
19 Defendant Wachovia, and that King mailed the TRO application to
20 Defendant Wachovia and to Ndex, the referenced communications were
21 made in Texas; however, on October 23, 2009, just three days before
22 the TRO application was filed, Plaintiffs served their complaint,
23 summons, and initial scheduling documents on "Wachovia Mortgage FSB"
24 here in Sacramento, California. (Summons Return Executed, October 26,
25 2009, Docket 6).  King has failed to explain in a writing why she did
26 not serve Defendant Wachovia Mortgage FSB with the TRO application at
27 the same time the complaint was served in Sacramento, thus clouding
28 the issue whether King provided actual notice of the TRO application.

3

1         Lastly, Plaintiff's counsel states in Plaintiffs' Reply
2  that Plaintiffs "properly served the Court's minute order by fax and
3  mail [on] both the lender and servicer in this action on October 28,
4  2009." (Pls' Reply 1:22-23.)  This assertion, however, is not verified
5  and does not explain why Defendant Wachovia Mortgage FSB was not
6  served in Sacramento where the action is pending and where Plaintiffs
7  served Defendant with other court documents.
8         For the reasons state above, Plaintiffs' ex parte
9  application for a TRO is **DENIED**.

**Dated:  November 2, 2009**

_____
**GARLAND E. BURRELL, JR.
United States District Judge**