Christopher A. Carr (#44444)
ccarr@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN
  CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
(626) 535-1900
(626) 577-7764 Facsimile

Attorneys for Defendant
WACHOVIA MORTGAGE,
a division of WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| YVONNE AND TONY MARTINEZ, | 09CV-02787-GEB-CMK |
| Plaintiffs, | COUNTERCLAIM OF WACHOVIA MORTGAGE |
| vs. | |
| WACHOVIA MORTGAGE, FSB; WORLD SAVINGS BANK, INC.; WORLD SAVINGS BANK, FSB; and Does 1 through 10, inclusive, | |
| Defendants. | |
| WACHOVIA MORTGAGE, a division of Wells Fargo Bank, N.A., | |
| Counterclaimant, | |
| vs. | |
| YVONNE MARTINEZ and ANTONIO MARTINEZ, a/k/a TONY MARTINEZ, | |
| Counterdefendants. | |

Defendant Wachovia Mortgage, a division of Wells Fargo Bank, N.A. ("Wachovia") counterclaims against plaintiffs Yvonne Martinez and Antonio Martinez, also known as

Tony Martinez, as follows:

## FIRST CLAIM FOR RELIEF

(Imposition of Equitable Lien)

1. At all times prior to the filing of plaintiffs' Complaint, Wachovia was a federal savings bank organized under the laws of the United States of America. It was formerly known as World Savings Bank, FSB, and effective December 31, 2007, the bank was re-named known as Wachovia Mortgage, FSB. Effective November 1, 2009, it became a division of Wells Fargo Bank, N.A.

2. Plaintiffs and counterdefendants YVONNE MARTINEZ and ANTONIO MARTINEZ, a/k/a/ Tony Martinez, were individuals residing in the County of Shasta.

3. Plaintiffs allege, among other claims, that a promissory note evidencing a $565,000 loan that they received from Wachovia is void and should be rescinded. Plaintiffs further claim that the deed of trust securing the repayment of said note is void and likewise should be set aside. The property in question is 9431 Stillwater Road, Redding, California ("the Property").

4. Wachovia had no notice of any of the wrongful conduct alleged in plaintiffs' Complaint and is therefore entitled to the status of a good faith encumbrancer for value.

5. Should Wachovia's deed of trust on the Property for any reason be declared void, canceled or otherwise unenforceable, Wachovia is entitled to an equitable lien against the Property in the amount of all monies loaned to plaintiffs, together with any unpaid interest thereon and all costs and fees incurred by Wachovia in defending its interests in this litigation. The equitable lien is superior to the rights and claims of plaintiffs to the Property, and is equal in priority to the respective deeds of trust.

6. This counterclaim only arises should plaintiffs succeed in establishing that the underlying loan transaction should be rescinded.

/////

/////

## SECOND CLAIM FOR RELIEF

(Equitable Subrogation)

7. Wachovia refers to and incorporates by reference Paragraphs 1 through 6.

8. At the time Wachovia made its loan evidenced by the promissory note and secured by the deed of trust, some or all of the loan proceeds were used to satisfy debt secured by valid and existing liens and encumbrances against the Property. Wachovia was not primarily liable for the debt secured by the liens or encumbrances, caused the debt to be fully satisfied, and did not pay the debt as a volunteer. Wachovia does not intend to waive its lien created by the deed of trust or violate the one action rule set forth in Code of Civil Procedure Section 726 by seeking equitable relief herein. However, if the deed of trust against the Property is totally or partially invalidated for any reason, Wachovia may have no adequate remedy at law, and unless this court grants the relief sought herein, it will be irreparably injured.

9. In the event the deed of trust is found to be invalid and/or unenforceable in whole or in part, which Wachovia denies, Wachovia is entitled to a judgment enforcing its right to be equitably subrogated to all liens and encumbrances against the Property which were satisfied with Wachovia's loan proceeds. Wachovia is informed and believes that a judgment enforcing its subrogation rights would not work any injustice to the rights of anyone, because at the time the above-described debts were paid, any right, title or interest plaintiffs had in the Property was subordinate to all existing liens and encumbrances against the Property. Plaintiffs were aware of the existence of said liens and encumbrances and took any interest they have in the Property subject to said liens and encumbrances.

10. As a proximate result of the foregoing and only in the event the deed of trust is found to be invalid, in whole or part, Wachovia seeks an equitable lien against the Property in an amount according to proof, but in no event less than the payments made by Wachovia to cause the existing liens and encumbrances against the Property to be satisfied and released.

11. Wachovia believes that the amount of any lien sought by this claim for relief is in at least the amount of $538,369.48, as set forth in the HUD-1 closing statement; a copy of that statement is attached as Exhibit 1 and the contents are incorporated by reference.

### THIRD CLAIM FOR RELIEF

(Statutory Subrogation)

12. Wachovia refers to and incorporates by reference Paragraphs 1 through 6.

13. At the time Wachovia made its loan evidenced by the promissory note and secured by the deed of trust, some or all of the loan proceeds were used to satisfy debt secured by valid and existing liens and encumbrances against the Property. Wachovia was not primarily liable for the debt secured by the liens or encumbrances, caused the debt to be fully satisfied, and did not pay the debt as a volunteer. Wachovia does not intend to waive its lien created by the deed of trust or violate the one action rule set forth in Code of Civil Procedure Section 726 by seeking relief herein.

14. In the event the deed of trust is found to be invalid and/or unenforceable in whole or in part, which Wachovia denies, then pursuant to Civil Code §2904(2), Wachovia is entitled to a judgment enforcing its right to be subrogated to all liens and encumbrances against the Property which were satisfied with Wachovia's loan proceeds. Wachovia is informed and believes that a judgment enforcing its subrogation rights would not work any injustice to the rights of anyone, because at the time the above-described debts were paid, any right, title or interest plaintiffs have in the Property was subordinate to all existing liens and encumbrances against the Property. Plaintiffs were aware of the existence of said liens and encumbrances and took any interest they have in the Property subject to said liens and encumbrances.

15. As a proximate result of the foregoing and only in the event the deed of trust is found to be invalid, in whole or part, Wachovia seeks a lien against the Property

1 | in an amount according to proof, but in no event less than the payments made by Wachovia
2 | to cause the existing liens and encumbrances against the Property to be satisfied and
3 | released.
4 |     16.    Wachovia believes that the amount of any lien sought by this claim for
5 | relief is in at least the amount of $538,369.48, as set forth in the HUD-1 closing statement;
6 | a copy of that statement is attached as Exhibit 1 and the contents are incorporated by
7 | reference.

## PRAYER

WHEREFORE, Wachovia prays judgment:

    1.    That the note executed by plaintiffs in favor of Wachovia be declared valid and enforceable according to its terms;

    2.    That the deed of trust executed by plaintiffs in favor of Wachovia be declared valid and enforceable according to its terms;

    3.    That if for any reason either the note or deed of trust is declared to be unenforceable and/or canceled, then Wachovia be entitled to an equitable lien on the Property, superior to the interests of plaintiffs, and equal in priority to the deed of trust on the Property, in an amount equal to all losses incurred by Wachovia with regard to the matters set forth in the Complaint;

    4.    That if for any reason either the note or deed of trust is declared to be unenforceable and/or canceled, then Wachovia be entitled to equitable and/or statutory subrogation in an amount equal to all losses incurred by Wachovia with regard to the matters set forth in the Complaint;

/////

/////

/////

/////

/////

| | |
|---|---|
| 1 | 5. For costs of suit; |
| 2 | 6. For attorneys' fees; |
| 3 | 7. For such other and further relief as the Court deems just and proper. |

Dated: November 30, 2009

ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP

By:  /s/ Christopher A. Carr
Christopher A. Carr
ccarr@afrct.com
Attorneys for WACHOVIA
MORTGAGE, a division of
Wells Fargo Bank, N.A.

# EXHIBIT 1

| A. Settlement Statement | U.S. Department of Housing and Urban Development |
|---|---|
| | OMB No 2502-0265 |

**OLD REPUBLIC TITLE COMPANY**

### B. TYPE OF LOAN

| 1. ☐ FHA  2. ☐ FmHA  3. ☒ Conv Unins  4. ☐ VA  5. ☐ Conv Ins. | 6. File Number 2123005769-MB | 7. Loan Number 004758678 | 8 Mortgage Insurance Case Number |
|---|---|---|---|

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown  Items marked "(p o c)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals

| D. Name and Address of Borrower<br>Anthony B. Martinez and Yvonne L. Martinez | E. Name and Address of Seller | F. Name and Address of Lender<br>World Savings<br>4101 Wiseman Boulevard, Bldg. 108<br>San Antonio, TX 78251 |
|---|---|---|

| G. Property Location<br>9431 Stillwater Rd<br>Redding, CA 96003 | H. Settlement Agent<br>Old Republic Title Company | |
|---|---|---|
| | Place of Settlement<br>500 Auburn-Folsom Road, Suite 300<br>Auburn, CA 95603 | I. Settlement Date<br>11/21/2007 |

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER** | | **400. GROSS AMOUNT DUE TO SELLER** | |
| 101. Contract sales price | | 401 Contract sales price | |
| 102 Personal property | | 402. Personal property | |
| 103 Settlement charges to borrower (line1400) | 8,406 87 | 403 | |
| 104 Notary/Signing Fee to Fidelity National Title | 70 00 | 404. | |
| 105 Payoff Loan World Savings | 424,039.54 | 405 | |
| Payoff Loan World Savings | 114,329.94 | | |
| R.E Tax Payment (111-220-023) | 3,095.39 | | |
| **Adjustments for items paid by seller in advance** | | **Adjustments for items paid by seller in advance** | |
| 106. City/town taxes  to | | 406. City/town taxes  to | |
| 107 County taxes  to | | 407 County taxes  to | |
| 108. Assessments  to | | 408. Assessments  to | |
| 109. | | 409 | |
| 110. | | 410 | |
| 111. | | 411. | |
| 112. | | 412 | |
| 113 | | 413. | |
| 114 | | 414. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 549,941.74 | **420. GROSS AMOUNT DUE TO SELLER** | |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER** | |
| 201. Deposit or earnest money | | 501 Excess deposit (see instructions) | |
| 202 Principal amount of new loan 1st | 565,000.00 | 502. Settlement charges to seller (line 1400) | |
| | | 503. Existing loan(s) taken subject to | |
| | | 504 | |
| | | 505 | |
| | | 506. | |
| | | 507. | |
| | | 508 | |
| | | 509 | |
| **Adjustments for Items unpaid by seller** | | **Adjustments for Items unpaid by seller** | |
| 210 City/town taxes  to | | 510. City/town taxes  to | |
| 211. County taxes  to | | 511 County taxes  to | |
| 212 Assessments  to | | 512 Assessments  to | |
| 213. | | 513 | |
| 214 | | 514 | |
| 215 | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218 | | 518. | |
| 219 | | 519 | |
| **220. TOTAL PAID BY/FOR BORROWER** | 565,000 00 | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | |
| **300. CASH AT SETTLEMENT FROM/TO BORROWER** | | **600. CASH AT SETTLEMENT TO/FROM SELLER** | |
| 301. Gross amount due from borrower (line 120) | 549,941.74 | 601. Gross amount due to seller (line 420) | |
| 302 Less amounts paid by/for borrower line220) | (565,000 00) | 602. Less reductions in amount due seller (line 520) | ( ) |
| 303. CASH ☐ FROM ☒ TO BORROWER | 15,058 26 | 603. CASH ☐ TO ☐ FROM SELLER | |

Section 5 of the Real Estate Settlement Procedures Act (RESPA) requires the following  ● HUD must develop a Special Information Booklet to help persons borrowing money to finance the purchase of residential real estate to better understand the nature and costs of real estate settlement services;  ● Each lender must provide the booklet to all applicants from whom it receives or for whom it prepares a written application to borrow money to finance the purchase of residential real estate,  ● Lenders must prepare and distribute with the Booklet a Good Faith Estimate of the settlement costs that the borrower is likely to incur in connection with the settlement  These disclosures are manadatory

Section 4(a) of RESPA mandates that HUD develop and prescribe this standard  form to be used at the time of loan settlement to provide full disclosure of all charges imposed upon the borrower and seller  These are third party disclosures that are designed to provide the borrower with pertinent information during the settlement process in order to be a better shopper
The Public Reporting Burden for this collection of information is estimated to average one hour per response, including the time for reviewing Instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information
This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number
The Information requested does not lend itself to confidentiality

HUD-1 (3-86)
RESPA, HB 4305.2

MB/mm

EXHIBIT 1
PAGE 7

Escrow No.: 2123005769-MB

| L. SETTLEMENT CHARGES | Paid From Borrower's Funds At Settlement | Paid From Seller's Funds At Settlement |
|---|---|---|
| 700. Total sales/broker's commission based on price $ @ %= | | |
| Division of commission (line 700) as follows: | | |
| 701. | | |
| 702. | | |
| 703. Commission disbursed at settlement | | |
| 704. | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | |
| 801. Loan Origination Fee | 2,825.00 | |
| 802 Loan Discount | | |
| 803 Appraisal Fee to World Savings | 200.00 | |
| 804. Credit Report to CBC Companies, Equifax Info., Trans Union Corp , Experian Consumer Center $7 30 (poc) | | |
| 805. Lender's Inspection Fee | | |
| 806. Mortgage Insurance Application Fee | | |
| 807. Assumption Fee | | |
| 808 Application Fee | 172.00 | |
| 809. Document Preparation Fee | 150.00 | |
| 810. Flood Zone Initial Determination Fee | 3.00 | |
| 811 Funding Fee | 50.00 | |
| 812 Processing Fee | 325.00 | |
| 813. Tax Service Fee | 30 50 | |
| See attached | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | |
| 901. Interest, 11/21/07 to 12/15/07, 24 days @ $111 45 | 2,674 80 | |
| 903. Hazard Insurance premium for 12 mos to AAA | 626 57 | |
| **1000. RESERVES DEPOSITED WITH LENDER** | | |
| **1100. TITLE CHARGES** | | |
| 1101 Settlement or closing fee to Old Republic Title Company | 300.00 | |
| 1106 Notary Fees | | |
| 1108. Title insurance to First American Title | 850.00 | |
| (includes above items numbers:) 1102, 1103, 1108, Endorsements and Additional Title Fees, if any | | |
| 1109. Lender's Coverage Liability Amount $565,000 00 Premium $850.00 | | |
| 1110 | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | |
| 1201. Recording fees: Deed $ Mortgage $ 55.00 Releases $ | 55.00 | |
| 1202 City/county tax/stamps: Deed $ Mortgage $ | | |
| 1203. State tax/stamps Deed $ Mortgage $ | | |
| 1204 | | |
| 1205. | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | |
| 1301 | | |
| 1302. | | |
| 1303. Overnight Service Fee to Old Republic Title Company | 95.00 | |
| 1304 Additional Processing Fee - E Doc to Old Republic Title Company | 50.00 | |
| 1305. | | |
| 1306. | | |
| 1307. | | |
| 1308. | | |
| 1309. | | |
| 1310. | | |
| **1400. TOTAL SETTLEMENT CHARGES** (enter on lines 103, Section J and 502, Section K) | 8,406 87 | 0.00 |

To the best of my knowledge, the HUD-1 Settlement Statement which I have prepared is a true and accurate account of the funds which were received and have been or will be disbursed by the undersigned as part of the settlement of the transaction.

_Escrow Officer_  11/21/07  _Date_

MB/mm

EXHIBIT 1
PAGE 8

Escrow No.: 2123005769-MB
Loan No.: 004758678

Attachment to HUD Statement

===== Continuation from Page1 =====

| BUYER ADJUSTMENTS | SELLER ADJUSTMENTS |

AMOUNTS PAID BY/IN BEHALF OF BORROWER

DEPOSIT OR EARNEST MONEY -- LINE 201

PRINCIPAL AMOUNT OF NEW LOAN(S) -- LINE 202

World Savings
4101 Wiseman Boulevard, Bldg. 108
San Antonio, TX 78251
Loan No : 004758678
Position: 1
Principal amount             565,000.00

EXHIBIT 1
PAGE 9

**OLD REPUBLIC TITLE COMPANY**

500 Auburn-Folsom Road, Suite 300 • Auburn CA • 95603 • (530) 885-7770 • FAX (530) 885-4618

Date: November 21, 2007
Escrow No.: 2123005769-MB
Escrow Officer: Marianne Bagwell
Closing Date: 11/21/2007

Property: 9431 Stillwater Rd
Redding, CA 96003

## Additional Charges Attachment

| Item | Amount |
|---|---|
| Additional Charges | |
| Mortgage Broker Fee to Wachovia $6,441.00 (poc) | 0.00 |
| Additional Charges Total | 0.00 |

MB/mm

EXHIBIT 1
PAGE 10

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the city of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below I served a copy of the following document:

**COUNTERCLAIM OF WACHOVIA MORTGAGE**

**Served Electronically via Court's CM/ECF System:**

*Attorneys for Plaintiff*

Catherine King, Esq.
KING LAW OFFICES
2051 Hilltop Drive
Suite A28
Redding, CA 96002

Tel: (530) 221-2640

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. This declaration is executed in Pasadena, California, on **November 30, 2009.**

_____Malinda Sinclair_____
(Type or Print Name)

_____[signature]_____
(Signature of Declarant)